Robert Nolan Rennie v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-353-CR

ROBERT NOLAN RENNIE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Robert Nolan Rennie entered an open plea of guilty to aggravated sexual assault of a child with a deadly weapon.  Rennie also pleaded true to the allegation in the indictment that he committed the felony of aggravated assault in Waxahachie in May 1998.  The trial court sentenced Rennie to life in prison
.  We will affirm.

II.  Procedural Background and Independent Review of the Record

Rennie’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  We have conducted an independent review of the record and have determined just that.

Rennie entered an open plea of guilty, so he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Rennie’s plea, potential error occurring before Rennie’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court has jurisdiction over the case.  
See 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005) (stating that district courts shall have original jurisdiction in felony criminal cases).  The indictment conferred jurisdiction on the trial court and provided Rennie with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The trial court held a pretrial hearing to rule on the motions filed prior to Rennie’s entering his open plea of guilty.  The trial court granted the bulk of Rennie’s motions and the remainder were moot because the State had  complied with the requests.  The record does not reveal any error occurring before Rennie’s plea 
that resulted in or supports the judgment of guilt
.

The written plea admonishments indicate that Rennie’s plea was made freely and voluntarily and included a signed judicial confession.  During the plea hearing, the trial court confirmed that Rennie had gone over the written plea admonishments with his attorneys, that Rennie had no questions, and that Rennie’s attorneys believed that Rennie was competent. 

The trial court accepted the plea and set a date for the punishment hearing.  At the punishment hearing, the trial court heard testimony from both sides and sentenced Rennie to life in prison
.  
The sentence assessed by the trial court is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 §§ 12.42(c)(1), 22.021 (Vernon Supp. 2005).  Moreover, the judgment does not contain any improper assessment of fees.  
See Bray v. State
, Nos. 2-04-148-CR, 2-04-149-CR, 2-04-150-CR, 2005 WL 3008418, at *4 (Tex. App.—Fort Worth Nov. 10, 2005, no pet.) (reforming judgment in 
Anders 
case in which judgment incorrectly included payment of attorney’s fees as condition of parole). 
 We discern no reversible error during the punishment phase.

Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  
Considering the totality of the representation of Rennie’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

III.  Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

IV.  No Brief From Rennie

We sent Rennie a letter asking him to inform this court if he desired to examine the record and file a 
pro se 
brief.  He informed this court by letter that he wanted to file a pro se brief and asked for several extensions.  However, Rennie failed to file a brief. 

V.
  
Conclusion

Based on our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.